THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOSEPH PERRY, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CIV-08-1044-R |
| | ) | |
| GEO GROUP, INC.; MR. ZOLEY; | ) | |
| DAVID C. MILLER; Warden; and | ) | |
| MRS. HALVORSON, Medical | ) | |
| Director, | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging violation of his constitutional rights with regard to his requests for medical treatment during his incarceration. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Valerie K. Couch for preliminary review. On September 10, 2009, Judge Couch issued a Report and Recommendation, wherein she recommended that Defendants' motion to dismiss be construed as a motion for summary judgment, and that the motion be granted. The matter is currently before the Court on the Plaintiff's objection to the Report and Recommendation. Having conducted a *de novo* review of the Report and Recommendation, the Court concurs with Judge Couch's conclusions, and hereby adopts the Report and Recommendation.

In the Report and Recommendation, Judge Couch recommended that certain of Plaintiff's claims be time barred, that is claims arising prior to September 29, 2006, and that

Plaintiff's claims from after that date be dismissed for failure to exhaust administrative remedies as required by the PLRA. This portion of Judge Couch's recommendation was based on the fact that Plaintiff apparently has not filed a grievance related to the denial of surgery to treat his congenital hip condition since 2005. Plaintiff responds by arguing for application of the continuing violation doctrine, which applies in certain cases and "recognizes that certain violations are continuing in nature and provides that a claim asserting such a violation is timely if administrative charges are filed within the period applicable to the last act in the continuing series." *Thomas v. Denny's Inc.*, 111 F.3d 1506, 1213 (10th Cir. 1997). Judge Couch noted that even if the Tenth Circuit would extend the continuing violation doctrine to claims under 42 U.S.C. § 1983, that Plaintiff's claims nevertheless would not qualify for application of the doctrine, because in the two years prior to filing this action he had not filed any administrative filings related to his medical treatment. As noted by Judge Couch, "[t]o apply the continuing violation doctrine, there must be at least one wrongful act within the statutory filing period." Report and Recommendation, p. 14. Plaintiff has not identified any action or inaction during the two years immediately preceding the filing of his complaint, such that the doctrine could apply. The Court agrees with Judge Couch in this regard and therefore, Defendant's are entitled to summary judgment for any acts occurring prior to September 29, 2006.

Plaintiff next challenges certain discussion in footnote 13 of the Report and Recommendation. The Court notes, however, that the information in footnote 13 did not provide the basis for Judge Couch's recommendations. Accordingly, any objection by the

Plaintiff with regard to footnote 13 is irrelevant to the outcome of this case. Plaintiff does not raise any objection to Judge Couch's conclusion that any claims based on action or inaction after September 29, 2006 have not been subject to administrative exhaustion as mandated by the PLRA. Plaintiff does not challenge Judge Couch's conclusion that "four years have passed since Plaintiff used the administrative grievance process to seek a remedy for his concerns." Report and Recommendation, p. 16-17. As such, the Court concludes that Judge Couch was correct in recommending that claims within the statutory filing period have not been exhausted.

For the reasons set forth herein, the Defendant's motion to dismiss is construed as a motion for summary judgment, and Plaintiff's claims are hereby dismissed. "[A]ny claims arising *before* Plaintiff completed the administrative process over 4 years ago, in March 2005, . . . are barred by the two-year statute of limitations. . . .[A]ny claims arising within the statutory filing period [are] dismissed without prejudice for failure to exhaust administrative remedies." Report and Recommendation, at p. 17. The Report and Recommendation is hereby adopted in its entirety, and judgment in accordance with this order shall be entered.

IT IS SO ORDERED this 4th day of November 2009.

_/s/ David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE